## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX RELATOR,* MONTGOMERY BLAIR SIBLEY,<br><br>        Petitioner,<br><br>        v.<br><br>BARACK HUSSEIN OBAMA, II,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 12-cv-01832 (RC)<br>)<br>)<br>)<br>)<br>) |

### RESPONDENT'S MOTION TO DISMISS

Respondent respectfully moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The grounds for dismissal are set forth in the accompany memorandum of points and authorities.

Dated: December 4, 2012

Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

RONALD C. MACHEN, JR.
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director

    *s/ Brigham J. Bowen*
BRIGHAM J. BOWEN (D.C. Bar No. 981555)
Civil Division, U.S. Department of Justice
Federal Programs Branch
P.O. Box 883, 20 Massachusetts Ave., N.W.

Washington, D.C. 20044
Ph.      (202) 514-6289
Fax      (202) 616-8470
brigham.bowen@usdoj.gov

*Counsel for Respondent*

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on this 4th Day of December, 2012, I caused a true and correct copy of the foregoing motion and accompanying memorandum to be served upon Petitioner by first class United States mail, postage prepaid marked for delivery to:

    **Montgomery Blair Sibley**
    **4000 Massachusetts Ave. NW #1518**
    **Washington, DC 20016**

                                    *s/ Brigham J. Bowen*
                                    Brigham J. Bowen

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX RELATOR,* MONTGOMERY BLAIR SIBLEY,             Petitioner, <br><br> v. <br><br> BARACK HUSSEIN OBAMA, II,             Respondent. | ) ) ) ) ) ) ) ) ) ) ) )    Civil Action No. 12-cv-01832 (RC) |

**MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF QUO WARRANTO**

Respondent respectfully moves to dismiss this action in its entirety, pursuant to

Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## BACKGROUND

This case presents the Court with the latest in a series of unsuccessful lawsuits

alleging that President Obama is not a "natural born Citizen" as required by the

Constitution.  *See* U.S. CONST. art. II, § 1.  The federal and state courts, including, on at

least three occasions, this district court, have previously rejected these challenges on both

procedural grounds and the merits.  *See, e.g.*, *Taitz v. Obama*, 707 F. Supp. 2d 1 (D.D.C.

2010) (Lamberth, C.J.); *Hollister v. Soetoro*, 601 F. Supp. 2d 179 (D.D.C. 2009)

(Robertson, J.); *Drake v. Obama*, 664 F.3d 774 (9th Cir. 2011); *Kerchner v. Obama*, 669

F. Supp. 2d 477 (D.N.J. 2009), aff'd *Kerchner v. Obama*, 612 F.3d 204 (3d Cir. 2010);

*Cook v. Good*, No. 4:09-82, 2009 U.S. Dist. LEXIS 126144 (M.D. Ga. July 16, 2009),

appeal dismissed by 09-14698-CC (Feb. 26, 2010); *Tisdale v. Obama*, No. 3:12-cv-

00036, Order (E.D. Va. Jan. 23, 2012) ("It is well settled that those born in the United States are considered natural born citizens" and challenges to President Obama's eligibility are "without merit"); *Ankeny v. Governor of Ind.*, 916 N.E.2d 678, 688 (Ind. Ct. App. 2009) ("persons born within the borders of the United States are 'natural born Citizens' for Article II, Section 1 purposes, regardless of the citizenship of their parents"), transfer denied 929 N.E.2d 789 (Ind. 2010).  Indeed, merely six months ago, this Court rejected a nearly identical action brought by Petitioner, seeking the same relief sought here: a writ of quo warranto directed to the President and targeted at questioning the President's eligibility to hold his office.  *Sibley v. Obama*, 866 F. Supp. 2d 17 (D.D.C. 2012) (JDB) (denying request to institute quo warranto proceedings concerning the President's eligibility to hold office).[1]  Although Plaintiff alleges that new facts, including his affirmation of a "write-in candidacy" for President in the recent election, alter the landscape, the result must be the same:  As with the other claims challenging President Obama's eligibility for office, this action should be dismissed in its entirety.

## ARGUMENT

Petitioner's suit is foreclosed for essentially the same reasons his prior suit failed. Under binding circuit law, the writ is not available at his request.  Moreover, his self-declared write-in candidacy notwithstanding, Petitioner's grievances are conjectural, nonredressable, and generalized, and he therefore lacks standing.  And, in any event, Petitioner's suit is foreclosed by the separation of powers doctrine.

---

[1] Mr. Sibley has appealed this decision and the appeal is currently pending before the D.C. Circuit. *See Sibley v. Obama*, No. 12-5198 (D.C. Cir.).

## I.      THE WRIT IS NOT AVAILABLE TO PETITIONER.

As he did in his prior suit, Mr, Sibley seeks a writ of quo warranto from the Court, invoking the D.C. Code's quo warranto provisions, *see* D.C. Code 16-3501 *et seq.*, as the basis for his demand for "issuance of a Writ of Quo Warranto to Obama requiring him to show by what warrant he holds and will hold again the public office of President of the United States upon the allegations … that Obama is <u>neither</u>: (i) a United States Citizen <u>nor</u> (ii) a "natural born Citizen…."  Pet. [Dkt. #1] at 1.

The writ of quo warranto is a "common-law writ used to inquire … if persons who had no right to do so were occupying some public office." *Black's Law Dictionary* 1371 (9th ed. 2009).  Issuance of the writ has the effect of having the occupier of such office "ousted from the illegal [] office." *Id.*[2]  As noted by Plaintiff, the D.C. Code contains a statutory provision which authorizes certain quo warranto actions in this Court. This statute states in part that:

> [a] quo warranto may be issued from the United States District Court for the District of Columbia in the name of the United States against a person who within the District of Columbia usurps, intrudes into, or unlawfully holds or exercises, a franchise conferred by the United States or a public office of the United States, civil or military. The proceedings shall be deemed a civil action.

D.C. Code § 16-3501.  The statute gives authority to the Attorney General or to the U.S. Attorney for the District of Columbia to institute proceedings, on their own volition or "on the relation of a third person."  D.C. Code § 16-3502.

---

[2] The Petition here does not appear to rely on the common law writ, instead addressing the statutory provisions concerning quo warranto in the D.C. Code.  This is understandable, because "except as otherwise specifically provided by statute … there is no original jurisdiction in the federal district court to entertain an information in the nature of quo warranto." *U.S. ex rel. Wisconsin v. First Fed. Sav. & Loan Ass'n*, 248 F.2d 804, 809 (7th Cir. 1957); *see also Drake v. Obama*, 664 F.3d at 784-85 (observing that the D.C. Code contains the statutory authority for modern-day quo warranto actions against federal officers).

### A.  Petitioner Lacks Standing.

The question of standing is a threshold determination concerning "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  Petitioner bears "the burden of establishing [the] existence" of standing because federal courts should presume they lack jurisdiction "unless 'the contrary appears affirmatively from the record.'"  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998); *Renne v. Geary*, 501 U.S. 312, 316 (1991).  To demonstrate standing, Article III requires a litigant to have suffered "personal injury fairly traceable to the [] allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 750-52 (1984).  The Supreme Court has "consistently stressed" that a plaintiff lacks standing unless he can "establish that he has a 'personal stake' in the alleged dispute, and that the injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997).

The rejection of numerous similar challenges to the qualifications of President Obama well establish that the purported injury suffered from doubting the President's eligibility for office is an injury to "the generalized interest of all citizens in Constitutional governance," and thus too abstract to satisfy the requirement of standing. *See Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217, 220 (1974); *Drake v. Obama*, 664 F.3d 774 (9th Cir. 2011).  If available to any member of the public, a quo warranto action to remove a public officeholder would vindicate only the interest of the public-at-large in the proper conduct of public officials and would therefore fail to satisfy this requirement.

In accord with these principles, it has long been settled — and was held by Judge Bates in Mr. Sibley's prior action — that "only the Attorney General or the United States Attorney has standing to bring a quo warranto action challenging a public official's right to hold office." *Sibley*, 866 F. Supp. 2d at 20 (citing *Taitz*, 707 F. Supp. 2d at 3; *Andrade v. Lauer*, 729 F.2d 1475, 1498 (D.C. Cir. 1984)).  As Judge Bates further explained, "[t]his Court is bound by the D.C. Circuit's decisions, which are based on the notion that challenges to a public official's authority concern a right of the entire public that only a public representative can protect." *Id.* at 21 (citing *Taitz*, 707 F. Supp. 2d at 3; *United States v. Carmody*, 148 F.2d 684, 685 (D.C. Cir. 1945)).[3]  The petition must, therefore, be dismissed.

### B.  Petitioner May Not Use The Vehicle Of Quo Warranto To Challenge The Title Of The President Of The United States.

Petitioner's claim seeking to test the President's eligibility for his office is also constitutionally infirm because granting Plaintiff the relief he seeks would require this Court to issue an order removing the President from office. *Black's Law Dictionary* at 1371.  This was yet another holding that doomed Petitioner's prior failed action.  *Sibley*, 866 F. Supp. 2d at 21.[4]  As Judge Bates there recognized:

> The separation of powers doctrine expressed in the Constitution places the duty to select and remove the President not with individual citizens, but rather with the Electoral College and with the Congress, respectively.  *See* U.S. Const. art. II, §§ 1, 4; *id.* amend. XII.  The judiciary is not empowered to implement or review such actions, as has been noted in prior opinions responding to the same challenge.

---

[3] Contrary to Petitioner's contentions, this holding goes to the jurisdiction of the Court to review Petitioner's claims and is not *dicta*.  *See Sibley*, 866 F. Supp. 2d at 23 ("For the reasons stated above, defendants' motion to dismiss will be granted and plaintiff's motions will be denied.").

[4] As before, this holding also is not *dicta*.  *See* n.3, *supra*.

*Sibley*, 866 F. Supp. 2d at 21 (citing *Barnett v. Obama*, 2009 U.S. Dist. LEXIS 101206 at

*40-*49 (C.D. Cal. 2009), aff'd on other grounds, *Drake*, 664 F.3d 774).

It is well established that "where there is 'a textually demonstrable constitutional

commitment of [an] issue to a coordinate political department' … a court lacks the

authority to decide the dispute before it." *Zivotovsky ex rel. Zivotofsky v. Clinton*, 132 S.

Ct. 1421, 1427, __ U.S. __ (2012) (quoting *Nixon v. United States*, 506 U. S. 224, 228

(1993); *Baker v. Carr*, 369 U.S. 186, 217 (1962)).  Because quo warranto claims against

the President challenge a governmental action precisely so committed, "no writ of quo

warranto can issue from [the district courts] to try the title to the office of President."  3

Roger Foster, *A Treatise on Federal Practice* § 468a (6th ed. 1921); *see Sibley*, 866 F.

Supp. 2d at 21; *Barnett*, 2009 U.S. Dist. LEXIS 101206 at *40-*47 (C.D. Cal. 2009);

*Kerchner*, 669 F. Supp. 2d 477, n.5.

The Constitution itself makes this doctrine plain.  In Article II, Section 1, as

amended by the Twelfth Amendment and the Twentieth Amendment, the Constitution

assigns the responsibility for selection of the President to the Electoral College.  *See* U.S.

CONST. art. II, § 1, as amended.  Section 3 of the Twentieth Amendment further

provides for a situation in which "the President elect shall have failed to qualify," the set

of conditions which Plaintiff alleges have been met here, making clear that "the Vice

President elect shall act as President until a President shall have qualified."  U.S.

CONST., amend. XX, § 3.  "None of these provisions evince an intention for judicial

reviewability" of the decisions by the coordinate branches, and so Plaintiff's challenge to

the President's eligibility for office is nonjusticiable.  *Kerchner*, 669 F. Supp. 2d 477 at

n.5; *Sibley*, 866 F. Supp. 2d at 21.

Furthermore, the power to remove the President from office is likewise committed to coordinate branches of government.  The Constitution provides for the President to be removed from office through impeachment, with the "sole power" to impeach reserved to the House of Representatives and the "sole power" of trial committed to the Senate.  U.S. CONST. art. I, § 2, cl. 5; id. at § 3, cl. 6; *id.* at art. II, § 4; *see also Nixon v. United States*, 506 U.S. 224, 231-37 (1993) (concluding that the import of the word "sole" is to place impeachment beyond the power of judicial review).  The Twenty-Fifth Amendment further describes a procedure by which the Vice President, with the cooperation of other federal officers, may identify to Congress a presidential infirmity and then exercise the power to "act as President."  U.S. CONST. amend. XXV.  These clear textual commitments of the authority that Petitioner seeks to have this Court exercise demonstrate that his claims are not justiciable.  Rather, "[a]ny removal … from the presidency must be accomplished through the Constitution's mechanisms."  *Barnett*, 2009 U.S. Dist. LEXIS 101206 at *48.

### C.  Petitioner's Purported Write-In Candidacy Does Not Confer Standing To Petitioner.

Petitioner's characterization of himself as a "qualified" "Write-In candidate for that Office," Pet. at 2, by virtue of his filling out a form, does nothing to save this action.  As an initial matter, because the writ is directed at a person holding office (and not at them in their prior capacity as candidate), *Sibley*, 866 F. Supp. 2d at 21,[5] Petitioner's

---

[5] Because the writ is so directed, Petitioner's suit is not yet ripe.  *Sibley*, 866 F. Supp. 2d at 21 (citing *Broyles v. Commonwealth*, 309 Ky. 837, 839, 219 S.W.2d 52 (Ky. Ct. App. 1949) ("[W]hen a quo warranto proceeding is commenced ... [t]he term must have begun and the defendant have assumed, usurped or taken possession of the office.").  As the President has not yet taken office for his second term, even assuming (erroneously) that there *could be* jurisdiction to issue the writ against a sitting President

putative prior candidacy for office is essentially immaterial to the fundamental standing inquiry. That inquiry requires a careful consideration of the purported injury, including an assessment of whether the injury is "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks & citations omitted). Here, the purported injury can only be that Petitioner claims to be aggrieved, as a citizen, by an allegedly ineligible person holding office. And that allegation is entirely generalized, and standing is therefore lacking. *Id.* at 575 (a "generalized grievance" does not confer standing). Perhaps if Petitioner had anything more than an entirely fanciful claim to the office, by virtue of a demonstrated likelihood of attainment to that office through the popular election, the analysis might be different. But there is no such showing here, nor could there be, as Petitioner's purported candidacy failed to gain any traction in the election. Instead, Petitioner relies on the wave of a magic wand, *i.e.*, the form he purports to have submitted to the D.C. Board of Elections and Ethics to "affirm" his write-in candidacy. This ruse is entirely illusory for standing purposes. Petitioner's injuries are, in fact, conjectural and therefore are not judicially cognizable. *Lujan*, 504 U.S. at 560; *see also Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

Nor does the "interested person" component of the quo warranto statute offer Petitioner relief. The statute, which is itself rooted in the standing doctrine, provides that an "interested person" may "apply to the court by certified petition for leave to have the writ issued," when "the Attorney General or United States attorney refuses to institute a

---

(*see* I.C., *infra*), the dispute is nonjusticiable on ripeness grounds. To the extent Mr. Sibley seeks the writ against the President in his current office, this is precisely the claim Judge Bates rejected six months ago. *Sibley*, 866 F. Supp. 2d at 21.

quo warranto proceeding on the request of a person interested." D.C. Code § 16-3503.

As noted, binding Circuit law forecloses, as a matter of Article III standing, issuance of

the writ towards a public official at the behest of private individuals. Moreover, the

separation of powers doctrine prohibits issuance of the writ to the office of the President

in particular. In any event, as Judge Lamberth has recognized:

> [e]ven if the Court of Appeals' precedent did not firmly preclude … challenge[s
> to] President Obama's right to hold office, the one case that discusses the
> circumstances under which a private person <u>might</u> be able to challenge a public
> official's title to office despite the refusal of the Attorney General or the United
> States Attorney to act, suggests that the "interested person" bringing the action
> would have had to be actually entitled to the office herself. *Newman v. United
> States ex rel. Frizzell*, 238 U.S. 537, 547, 35 S.Ct. 881, 59 L.Ed. 1446 (1915).

*Taitz*, 707 F. Supp. 2d at 4 n.1. Petitioner is not "actually entitled" to the office. At most,

that entitlement <u>could</u> theoretically fall to the sitting Vice President of the United States

— although, for the reasons set forth above, it does not. I.B, *supra*; U.S. CONST.

amend. XXV. Even a <u>competitive</u> also-ran for office would not pass muster.[6] Surely, the

entitlement required here does not fall so far as to rest on the shoulders of a self-

appointed write-in candidate who did not wage a competitive campaign for the office at

issue.

---

[6] The entitlement to office discussed here is different from and goes beyond the
mere "right to fairly compete" requirement that may confer standing on candidates to
challenge improper ballot placement of other candidates. *See, e.g. Drake v. Obama*, 664
F.3d 774, 783 (9th Cir. 2011); *Fulani v. Hogsett,* 917 F.2d 1028, 1030 (7th Cir. 1990).
This distinction underscores the unique nature of the writ, which is directed at the office
itself and not at campaigns for office.

II.     **THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY THE WRIT.**

Even if Petitioner somehow were able to clear these numerous bars to his action,[7] the writ should still be denied. Under the quo warranto statute, the Court retains broad discretion to deny a quo warranto petition. D.C. Code § 16-3503. Such discretion should be exercised here, as Petitioner's complaints on the merits are plainly frivolous, as has been show repeatedly, in the courts and in the public sphere, from the dawn of the President's first presidential campaign, through his tenure in office, and to the present day.

## CONCLUSION

For the foregoing reasons, this action should be dismissed in its entirety.


Dated: December 4, 2012                    Respectfully submitted,

                                           STUART F. DELERY
                                           Principal Deputy Assistant Attorney General

                                           RONALD C. MACHEN, JR.
                                           United States Attorney

                                           ELIZABETH J. SHAPIRO
                                           Deputy Branch Director

                                           ___*s/ Brigham J. Bowen*___
                                           BRIGHAM J. BOWEN
                                               (D.C. Bar No. 981555)
                                           Civil Division, U.S. Department of Justice
                                           Federal Programs Branch
                                           P.O. Box 883, 20 Massachusetts Ave., N.W.
                                           Washington, D.C. 20044

---

[7] The Government further notes that it does not appear that Petitioner has complied with other requirements of the statute, including the filing of a bond "with sufficient surety" for the payment, by Petitioner, of "all costs incurred in the prosecution of the writ if costs are not recovered from and paid by the defendant." D.C. Code § 16-3502. This requirement is a condition precedent to the jurisdiction of the Court.

Ph.      (202) 514-6289
Fax      (202) 616-8470
brigham.bowen@usdoj.gov

*Counsel for Respondent*