UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *EX RELATOR,* MONTGOMERY BLAIR SIBLEY, <br><br> Petitioner, <br><br> v. <br><br> BARACK HUSSEIN OBAMA, II, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 12-cv-01832 (RC) |

**RESPONDENT'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION AND OTHER RELIEF**

Petitioner seeks the "extraordinary and drastic remedy" of a preliminary injunction, which this Court cannot grant "unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (original emphasis). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). Petitioner has not carried his burden to show that any of these factors — let alone all of them — favor issuing a preliminary injunction.

**ARGUMENT**

I.  **PETITIONER HAS FAILED TO DEMONSTRATE A LIKELIHOOD OF SUCCESS ON THE MERITS.**

Petitioner seeks the issuance of a writ of quo warranto, directed to President Barack Obama. As set forth more fully in the motion to dismiss filed contemporaneously

herewith, the writ of quo warranto is a "common-law writ used to inquire … if persons who had no right to do so were occupying some public office." *Black's Law Dictionary* 1371 (9th ed. 2009).  Issuance of the writ has the effect of having the occupier of such office "ousted from the illegal [] office." *Id.*  Here, Petitioner seeks issuance of the writ under the authority of the statutory quo warranto provisions of the D.C. Code.  *See* D.C. Code § 16-3501 *et seq.*  And, as set forth in Respondent's motion to dismiss, Petitioner enjoys no likelihood of success on the merits whatsoever.

This case presents the Court with the latest in a series of unsuccessful lawsuits alleging that President Obama is not a "natural born citizen" as required by the Constitution.  *See* U.S. CONST. art. II, § 1.  The federal and state courts, including, on at least three occasions, this district court, have previously rejected these challenges on both procedural grounds and the merits.  *See, e.g.*, *Taitz v. Obama*, 707 F. Supp. 2d 1 (D.D.C. 2010) (Lamberth, C.J.); *Hollister v. Soetoro*, 601 F. Supp. 2d 179 (D.D.C. 2009) (Robertson, J.); *Drake v. Obama*, 664 F.3d 774 (9th Cir. 2011); *Kerchner v. Obama*, 669 F. Supp. 2d 477 (D.N.J. 2009), aff'd *Kerchner v. Obama*, 612 F.3d 204 (3d Cir. 2010); *Cook v. Good*, No. 09-cv-82, 2009 U.S. Dist. LEXIS 126144 (M.D. Ga. July 16, 2009), appeal dismissed by dkt. no. 09-14698-CC (Feb. 26, 2010); *Tisdale v. Obama*, No. 3:12-cv-00036 (E.D. Va. Jan. 23, 2012) ("It is well settled that those born in the United States are considered natural born citizens" and challenges to President Obama's eligibility are "without merit"); *Ankeny v. Governor of Ind.*, 916 N.E.2d 678 (Ind. Ct. App. 2009) ("persons born within the borders of the United States are 'natural born Citizens' for Article II, Section 1 purposes, regardless of the citizenship of their parents"), transfer denied 929 N.E.2d 789 (Ind. 2010).  Indeed, merely six months ago, this Court rejected a

nearly identical action brought by Petitioner, seeking the same relief sought here: a writ of quo warranto directed to the President and targeted at questioning the President's eligibility to hold his office. *Sibley v. Obama*, 866 F. Supp. 2d 17 (D.D.C. 2012) (JDB) (denying request to institute quo warranto proceedings concerning the President's eligibility to hold office).[1]  Although Plaintiff alleges that new facts, including his affirmation of a "write-in candidacy" for President in the recent election, alter the landscape, the result must be the same:  As with the other claims challenging President Obama's eligibility for office, this action should be dismissed in its entirety.

This is so for a variety of reasons, all set forth in full in the motion to dismiss.  In brief, they include the following:

1. Petitioner lacks standing, and his purported self-appointed write-in candidacy for the office of President of the United States does nothing to make his challenge anything other than a nonactionable "generalized grievance." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 575 (1992) (a "generalized grievance" does not confer standing).

2. In particular, Petitioner lacks standing because, as it has long been held, "only the Attorney General or the United States Attorney has standing to bring a quo warranto action challenging a public official's right to hold office." *Sibley*, 866 F. Supp. 2d at 20 (emphasis added) (citing *Taitz*, 707 F. Supp. 2d at 3; *Andrade v. Lauer*, 729 F.2d 1475, 1498 (D.C. Cir. 1984)).  This is so because, *inter alia*, "challenges to a public official's authority concern a right of the entire public that only a public representative can protect." *Sibley*, 866 F.

---

[1] Mr. Sibley has appealed this decision and the appeal is currently pending before the D.C. Circuit. *See Sibley v. Obama*, No. 12-5198 (D.C. Cir.).

Supp. 2d at 21 (citing *Taitz*, 707 F. Supp. 2d at 3; *United States v. Carmody*, 148 F.2d 684, 685 (D.C. Cir. 1945)).

3. <u>The vehicle of quo warranto may not be used to try the title of President of the United States</u>.  This is so because:

> The separation of powers doctrine expressed in the Constitution places the duty to select and remove the President not with individual citizens, but rather with the Electoral College and with the Congress, respectively.  *See* U.S. Const. art. II, §§ 1, 4; *id.* amend. XII.  The judiciary is not empowered to implement or review such actions….

*Sibley*, 866 F. Supp. 2d at 21 (citing *Barnett v. Obama*, No. 09-0082, 2009 U.S. Dist. LEXIS 101206 at *40-*49 (C.D. Cal. Oct. 29, 2009), aff'd on other grounds, *Drake*, 664 F.3d 774).

4. <u>On the merits, the writ should be denied</u>.  Petitioner repeats numerous fallacious arguments, long familiar to the public, arguing that the President is somehow ineligible to serve in his elected office.  These arguments are, and have repeatedly been demonstrated to be, frivolous.

For all these reasons and more, Petitioner stands in no position at all to posit a likelihood of success on the merits, much less a "clear showing" of such a likelihood. *Winter v. National Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).  It should be summarily dismissed, along with the motion for a preliminary injunction.

## II.   PETITIONER HAS NOT ESTABLISHED THAT HE IS LIKELY TO SUFFER IRREPARABLE HARM ABSENT AN INJUNCTION.

Equitable relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22.  A plaintiff seeking a preliminary injunction must overcome the "considerable burden" of putting on "proof that the movant's injury is '*certain, great and actual* — not theoretical

— and *imminent,* creating a clear and present need for extraordinary equitable relief to prevent harm.'" *Nat'l Min. Ass'n v. Jackson*, 768 F. Supp. 2d 34, 50 (D.D.C. 2011) (Walton, J.) (quoting *Power Mobility Coal. v. Leavitt,* 404 F. Supp. 2d 190, 204 (D.D.C. 2005) (Walton, J.)) (emphasis in original). "Bare allegations of what is likely to occur are of no value since the court must decide whether the harm will *in fact* occur." *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (emphasis in original).

Petitioner comes nowhere close to meeting his "considerable burden" to demonstrate irreparable harm, nor could he. In the first instance, his alleged harm takes the form of a generalized grievance, and as such, Petitioner identifies no actionable harm at all. Indeed, Petitioner goes so far as to identify the alleged irreparable harm in precisely generalized terms, as if to concede the point: He urges that "Sibley — as do all Citizens of this Nation — has a Constitutionally-guaranteed right to a 'natural born Citizen' President." Mot. for Prelim. Inj. [Dkt. #2] at 3. He then goes on to contend that "Sibley has the right — again enjoyed by all United States Citizens — to: 'the right, possessed by every citizen, to require that the Government be administered according to the law and the public moneys be not Wasted.'" *Id. (citing Fairchild v. Hughes*, 258 U.S. 126, 130 (1922)). By Petitioner's own characterization, his alleged injuries are generalized, and therefore not actionable injuries at all, much less irreparable ones.

Here again, Petitioner's purported candidacy fails to assist him. To the extent he relies on his write-in candidacy for office to support his allegations of harm (which, in truth, he does not appear to do, *see* Mot. for Prelim. Inj. at 3), that candidacy avails him nothing. Were the Court to grant the writ, Petitioner would not be eligible to assume the office of President, not himself being the elected Vice President. Petitioner thus stands in

the same shoes as the rest of the citizenry, his self-appointed status as a write-in candidate notwithstanding. And, accordingly, he fails to identify any actionable harm, and certainly no irreparable harm.

### III. THE BALANCE OF EQUITIES REQUIRES DENIAL OF PETITIONER'S MOTION.

It hardly requires discussion to identify the harm to the President (much less the country) from the relief requested by Petitioner, should the motion be granted, *i.e.*, an injunction "enjoining and restraining [him] from taking the oath of office as President … until such time that he demonstrates that he is Constitutionally-eligible to serve in that capacity." Mot. for Prelim. Inj. at 1. In support of his contrary position, Petitioner casually states that "there is no injury to Obama for all that is being asked of him is to comply with the law and demonstrate — like every other person who is employed in the United States — that he is eligible for the job he seeks and is not above-the-law [sic]." *Id.* at 3-4. Setting aside the obvious fact that the President's eligibility for office has been demonstrated repeatedly to the electorate (if not to Petitioner's personal satisfaction), an injunction blocking the President from serving in his duly elected role as President for a second term would do great, and obvious, harm to the President.

### IV. THE PUBLIC INTEREST REQUIRES DENIAL OF PETITIONER'S REQUEST FOR RELIEF.

The final factor this Court must consider is the public interest. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (quoting *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312 (1982)). Apart from the lack of a likelihood of success, this factor counsels perhaps most obviously in

Respondent's favor.  However fanciful the notion, an injunction prohibiting a sitting President from taking the oath of office for a second term would cause significant harm to the operation of the Government and to the Republic.  The disruption that would result from indulging Petitioner's flights of fancy would be widespread, causing ripples of disruptive harm across the American political and economic landscape, from within the Executive Branch, to the Legislative Branch, and beyond.

Petitioner identifies the issuance of the putative injunction as being "in the public interest to insure [sic] that the protection of the Constitution is respected by the Obama [sic] and this Court."  Mot. for Prelim. Inj. at 4.  This, Petitioner's only argument regarding the public interest, is demonstrably false.  As discussed in the Government's motion to dismiss, the Constitution erects one, and only one, system for the election, assumption of office, and removal of the President of the United States.  *See* U.S. CONST. art. II, § 1, as amended; amend. XX, § 3; art. I, § 2, cl. 5; art. I, at § 3, cl. 6; art. II, § 4; amend. XXV.  A district court injunction barring the duly elected President from taking the oath of office as contemplated by the Constitution, and all at the behest of a single private litigant, would constitute a clear violation of the separation of powers and thus would disregard, rather than protect, the Constitution.  The Court should give Petitioner's demands no quarter.

### V. THE COURT SHOULD DENY PETITIONER'S OTHER REQUESTS FOR RELIEF.

In addition to seeking a preliminary injunction, Petitioner demands a hearing on his motion and expedited discovery.  Because this action should be summarily dismissed, there is no need either for a hearing or discovery, much less expedited discovery.

## CONCLUSION

For the foregoing reasons, Respondent respectfully asks this Court to deny Petitioner's motion for a preliminary injunction.

Dated: December 4, 2012

Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

RONALD C. MACHEN, JR.
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director

  *s/ Brigham J. Bowen*
BRIGHAM J. BOWEN
     (D.C. Bar No. 981555)
Civil Division, U.S. Department of Justice
Federal Programs Branch
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C. 20044
Ph.     (202) 514-6289
Fax     (202) 616-8470
brigham.bowen@usdoj.gov

*Counsel for Respondent*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 4th Day of December, 2012, I caused a true and correct copy of the foregoing opposition to be served upon Petitioner by first class United States mail, postage prepaid marked for delivery to:

**Montgomery Blair Sibley**
**4000 Massachusetts Ave. NW #1518**
**Washington, DC 20016**

                                           *s/ Brigham J. Bowen*
                                           Brigham J. Bowen