UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONTGOMERY BLAIR SIBLEY,

Petitioner

v.

BARACK HUSSEIN OBAMA, II,

Respondent.

Civil Action No. 12-cv-1832 (JDB)

## MEMORANDUM OPINION

Petitioner Sibley returns with yet another petition premised on so-called "birther" claims against President Barack Obama. Again, Sibley endeavors – through a writ of quo warranto – to prevent President Obama from holding office because he supposedly was not born in the United States. Now before the Court are miscellaneous motions filed by petitioner, as well as a motion to dismiss filed by respondent. For the reasons described below, the Court will grant respondent's motion to dismiss Sibley's petition, and deny Sibley's motion for a preliminary injunction, as well as his other miscellaneous motions.

This case largely mirrors one Sibley brought earlier this year. See Sibley v. Obama, Civil Action No. 12-0001 (D.D.C. 2012). In that nearly identical action, the Court rejected Sibley's various motions challenging the President Obama's eligibility to hold office, and denied Sibley's petition to the Court for a writ of quo warranto to remove President Obama from his current office and, alternatively, to bar him from running for the office of president again. See Sibley v. Obama, 866 F. Supp. 2d 17, 19, 23 (D.D.C. 2012). The Court concluded that Sibley lacked standing to challenge President Obama's tenure in office and his eligibility for the presidency. Id.

1

at 20.  The D.C. Circuit summarily affirmed this Court's decision in an unpublished order.  It found that "actions against public officials . . . can *only* be instituted by the Attorney General," and that Sibley's "self declaration as a write-in candidate" was insufficient to confer standing. See Order, Sibley v. Obama, App. No. 12-5198 (D.C. Cir. Dec. 6, 2012) (quoting Andrade v. Lauer, 729 F.2d 1475, 1498 (D.C. Cir. 1984) (emphasis in original)). Although Sibley purports to claim that he "now has standing" because he "was a candidate in the 2012 presidential election," Pl.'s Pet. ¶ 19 [ECF No. 1] (emphasis in original), this case is virtually indistinguishable from his prior case.  Hence, the reasoning of this Court and the D.C. Circuit in that case is similarly applicable here.  Sibley simply has no standing to bring this petition and, accordingly, respondent's motion to dismiss will be granted.

For similar reasons, Sibley's motion for a preliminary injunction seeking to enjoin President Obama from taking the oath of office on January 21, 2013,[1] utterly lacks merit.  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Sherley v. Sebelius, 644 F.3d 388, 392 (D.C. Cir. 2011).  "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits,[2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter, 555 U.S. at 20.

Sibley fails to establish any of these factors here. It is inconceivable that Sibley could prevail on the merits of his case, for the reasons given in this Court's disposition of his previous case. In addition, courts have repeatedly rejected such attacks on President Obama's citizenship

---

[1] Contrary to Sibley's petition, President Obama will take the oath on January 20, 2013, as prescribed by the Twentieth Amendment of the United States Constitution. See U.S. Const. amend. XX, § 1. The public ceremony will take place on January 21, 2013.

akin to the one Sibley continues to assert in his suits. See, e.g., Taitz v. Obama, 707 F. Supp. 2d 1, 2-3 (D.D.C. 2010); Hollister v. Soetoro, 601 F. Supp. 2d 179, 181 (D.D.C. 2009); Kercher v. Obama, 612 F.3d 204, 206 (3d Cir. 2010); Order, Tisdale v. Obama, Civ. Action No. 3:12-0036 (E.D. Va. Jan. 23, 2012) [ECF No. 2], aff'd, 473 Fed. App'x 203 (4th Cir. 2012).  Moreover, Sibley has failed to demonstrate irreparable harm warranting a preliminary injunction; indeed, he fails to show any actionable injuries at all. See Sibley, 866 F. Supp. 2d at 20 ("A public official's title to office is an injury particularized to an individual only if that individual 'has an interest in the office itself'"). And, as the D.C. Circuit observed with respect to Sibley's previous attempt to secure a writ of quo warranto, "self-declaration as a write-in candidate is insufficient" to satisfy the standing requirement "because the writ is only available for someone who would obtain the office if the incumbent was ousted." Order at 1, Sibley v. Obama, App. No. 12-5198 (D.C. Cir. Dec. 6, 2012) (internal citations and quotations omitted).  Finally, the balance of equities tips decidedly against Sibley, and, as respondent rightfully points out, an injunction would not be in the public interest. To the contrary, enjoining President Obama from taking his oath of office and fulfilling the duties entrusted to him would clearly work against the public interest.

Because Sibley's petition will be dismissed for lack of standing and failure to state a claim, and his motion for a preliminary injunction will be denied, Sibley's motion for a preliminary hearing and expedited discovery will be denied as moot.  A separate order accompanies this memorandum opinion.

**SO ORDERED.**

                                                              /s/
                                      JOHN D. BATES
                                United States District Judge

Dated: December 19, 2012