UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONTGOMERY BLAIR SIBLEY,

　　　　Petitioner

　　　　v.                                                    Civil Action No. 12-1832 (JDB)

BARACK HUSSEIN OBAMA, II,

　　　　Respondent.

### ORDER

Sibley has moved for an order "to vacate the Court's December 19, 2012, order of dismissal and . . . for entry of an order disqualifying the Honorable John D. Bates from further involvement in this matter." Pl.'s Mot. at 1 [ECF No. 17]. The Court will deny the motion.

Sibley claims that the Court is personally biased against him because it refused to provide Sibley with a hearing, and denied him ECF access, and that the Court's "impartiality might reasonably be questioned" because it refused to allow Sibley's "prompt presentation of evidence of Defendant Obama's criminal behavior to the Grand Jury." Pl.'s Mot. at 3-4.[1] However, a judge's rulings in cases are not a proper ground for a recusal motion. See Liteky v. United States, 510 U.S. 540, 555 (1994). Moreover, these actions cited by Sibley do not suggest that "any reasonable and informed observer" would question this Court's impartiality, as Sibley is required

---

[1] Sibley also takes issue with the Court's use of the term "birther" in describing the nature of Sibley's actions. Other courts have applied this term to describe the same challenges that Sibley makes to President Obama's eligibility to hold the office of President. See, e.g., Berg v. Obama, 586 F.3d 234, 239 n.4 (3d Cir. 2009)); Annemarie v. Electors ex rel. Louisiana, 12-601, 2012 WL 5878153 at *1 (M.D. La. Oct. 15, 2012); Farah v. Esquire Magazine, Inc., 863 F. Supp. 2d 29, 31 (D.D.C. 2012); United States v. Huff, 3:10-cr-73, 2011 WL 4916195 at *4-5 (E.D. Tenn. Oct. 17, 2011); Liberi v. Tatiz, 759 F. Supp. 2d 573, 575 (E.D. Pa. 2010); Rhodes v. MacDonald, 670 F. Supp. 2d 1363, 1366 (M.D. Ga. 2009).

to show under 28 U.S.C. § 455. See, e.g., SEC v. Loving Spirit Found., 392 F.3d 486, 493-94 (D.C. Cir. 2004). In addition, Sibley has not provided the requisite affidavit pursuant to 28 U.S.C. § 144.

Accordingly, it is hereby **ORDERED** that Sibley's motion to vacate the Court's December 19, 2012 order on the basis of his disqualification motion is **DENIED** and it is further **ORDERED** that the motion to disqualify is **DENIED**.

**SO ORDERED.**

/s
JOHN D. BATES
United States District Judge

Dated: January 10, 2013